IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAINE COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-cv-518-DRH-SCW ) |
| WARDEN LASHBROOK and MAJOR CARTER, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to **42 U.S.C. § 1983,** *pro se* Plaintiff filed his complaint alleging that Defendants Lashbrook and Carter were deliberately indifferent to Plaintiff's medical needs by failing to act upon Plaintiff's grievances complaining that he had been denied migraine medication (Doc. 8, p. 8-9). At the time the Court reviewed Plaintiff's complaint, he was reminded that he was under a continuing obligation to keep the Court informed of any change in his address (*Id*. at p. 20-21). Plaintiff was warned that a failure to update the Court on his address may ultimately result in a dismissal of his claims.

Plaintiff filed a notice of change of address with the Court on August 11, 2017 (Doc. 13). The notice indicated his current address, which appears on the docket sheet. Defendants mailed an entry of appearance to Plaintiff on September 12, 2017 but that notice was returned to Defendants as undeliverable (Doc. 16-1). Defendants then sent

their answer and affirmative defenses to Plaintiff and those were also returned as undeliverable (Doc. 16-2). Defendants subsequently filed the pending motion to dismiss for want of prosecution (Doc. 16). The undersigned set the motion for hearing and warned Plaintiff that his failure to appear would result in dismissal of his claims (Doc. 17). Notice of that hearing was sent to Plaintiff. The Court has not received the notice back.

In light of Plaintiff's failure to appear and his lack of participation in the case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.*, **718 F.3d 731, 732-33 (7th Cir. 2013)).** The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel*, **214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the undersigned finds that Plaintiff has failed to prosecute his case. Plaintiff provided the Court with an address upon his release from prison and subsequent documents sent to Plaintiff by the defense have been returned as undeliverable. The Court sent notice of the hearing to Plaintiff's last known address and the notice was not returned. Yet, Plaintiff failed to appear at the hearing. Nor has he contacted the Court, either by phone or in writing, since he submitted his notice of change of address on August 11, 2017. The undersigned presumes by Plaintiff's failure to appear, and his failure to participate in any way in this case since his release from prison, that he is no longer interested in pursuing his claims.

As such, it is **RECOMMENDED** that the Court **GRANT** the motion to dismiss (Doc. 16) and **DISMISS with prejudice** Plaintiff's remaining claims against all Defendants for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **December 7, 2017.**

**IT IS SO ORDERED**.
DATED: November 20, 2017.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge