# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DWAINE COLEMAN,**

**Plaintiff,**

**v.**

**WARDEN LASHBROOK and**
**MAJOR CARTER,**

**Defendants.**                                    **No. 17-cv-0518-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Dwaine Coleman brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). According to the complaint, Coleman alleges that defendants violated his constitutional rights in a variety of ways, including by showing deliberate indifference to his medical needs, depriving him of due process, sexually harassing him, retaliating against him, stealing from him, and subjecting him to unconstitutional conditions of confinement. (Doc. 1). On July 20, 2017, the Court conducted its preliminary

review of the complaint and referred the matter to Magistrate Judge Stephen C. Williams (Doc. 8).

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Williams submitted a Report and Recommendation ("the Report") on November 20, 2017 (Doc. 18). The Report recommends that the Court grant defendants' motion to dismiss for lack of prosecution (Doc. 16) and dismiss this case with prejudice. Specifically, the Report found:

> Here, the undersigned finds that Plaintiff has failed to prosecute his case. Plaintiff provided the Court with an address upon his release from prison and subsequent documents sent to Plaintiff by the defense have been returned as undeliverable. The Court sent a notice of the hearing to Plaintiff's last known address and the notice was not returned. Yet, Plaintiff failed to appear at the hearing. Nor has he contacted the Court, either by phone or in writing, since he submitted his notice of change of address on August 11, 2017. **The undersigned presumes by Plaintiff's failure** to appear, and his failure to participate in any way in this case since his release from prison, that he is no longer interested in pursuing his claims."

(Doc. 18, p. 3)(emphasis in original).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report.[1] To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Based on the reasons outlined in the Report, the Court **ADOPTS** the Report

---

1 The Court notes that the notice of the hearing sent to Coleman (Doc. 17) was returned undeliverable on December 4, 2017 (Doc. 20).

(Doc. 18). The Court **GRANTS** defendants' motion to dismiss for lack of prosecution (Doc. 16) and **DISMISSES with prejudice** this case of action for failure to prosecute. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment in favor of defendants and against plaintiff.

    **IT IS SO ORDERED.**

Judge Herndon
2017.12.12
13:18:20 -06'00'

**United States District Judge**